[880 NYS2d 3]

In the Matter of ARTHUR E. SWIDLER (Admitted as ARTHUR EVAN SWIDLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 30, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Angela Christmas* of counsel), for petitioner.

*Arthur E. Swidler,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on April 15, 1985. He was also admitted to the bar of New Jersey in 1985 and apparently practices law solely in that state.

Pursuant to section 603.11 (b) of the Rules of this Court (22 NYCRR 603.11 [b]) the Departmental Disciplinary Committee, having received respondent's affidavit stating that he intends to resign from the bar of the State of New York, now files it with this Court and recommends that it be accepted and respondent's name be stricken from the roll of attorneys. An attorney who is the subject of an investigation or pending disciplinary proceeding may resign from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign (22 NYCRR 603.11 [a]).

Respondent's affidavit of resignation, sworn to October 28, 2008 and received by the Committee on January 28, 2009, complies with the requirements of section 603.11 (a) in that

he avers that his resignation is freely and voluntarily rendered, without coercion or duress, and that he is fully aware of the implications of submitting his resignation. He specifically states that he understands that resignations under section 603.11 are the equivalent of disbarment and that the Committee advised him to consult with counsel but he chose to represent himself. Respondent further acknowledges that he is the subject of an investigation by the Committee of allegations of professional misconduct against him arising out of a previous disciplinary proceeding brought against him in New Jersey, which resulted in the issuance of a public reprimand by the Supreme Court of New Jersey on July 16, 2007 (192 NJ 80, 927 A2d 96 [2007]). Upon his default in responding to charges that he took no action in a foreclosure proceeding for which he was retained and paid $1,500, ultimately resulting in an order of taking of his client's property, respondent was found to have engaged in gross neglect in violation of New Jersey Rules of Professional Conduct (RPC) rule 1.1 (a) and to have failed to cooperate with the disciplinary authorities in violation of RPC rule 8.1 (b). Respondent also admits that he failed to promptly notify the Committee of his public reprimand by the New Jersey Supreme Court (the equivalent of a public censure in New York), as required under 22 NYCRR 603.3 (d). Additionally, he admits that he has been delinquent in his attorney registration with the Office of Court Administration insofar as he has failed to register and pay registration dues since the biennial period 1991-1992 through 2007-2008, which failure, by itself, subjects respondent to suspension from the practice of law pursuant to Judiciary Law § 468-a (5).

Finally, respondent acknowledges that if charges were brought against him predicated upon the misconduct under investigation, he could not successfully defend himself against such charges and respectfully requests that this Court accept his resignation from the bar of the State of New York. As noted, the Departmental Disciplinary Committee recommends that the resignation be accepted.

Accordingly, respondent's resignation from the practice of law should be accepted and his name stricken from the roll of attorneys, effective nunc pro tunc to October 28, 2008.

Tom, J.P., Andrias, Buckley, Catterson and DeGrasse, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 28, 2008.